IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREW V. THOMAS,<br><br>     Plaintiff,<br>  v.<br><br>ALASKA NATIVE MEDICAL CENTER, and<br>INDIAN HEALTH SERVICES,<br><br>     Defendant. | Case No. 3:25-cv-00098-SLG |

## ORDER OF DISMISSAL

On May 20, 2025, self-represented litigant Andrew V. Thomas ("Plaintiff") filed this case against the Alaska Native Medical Center and Indian Health Services.[1] Plaintiff claims Defendants committed medical malpractice and are responsible for the death of his daughter in 2023.[2] On June 25, 2025, the Court received a Notice of Removal indicating that the defendants in *Thomas v. United States of America,* Case No. 3:25-cv-00137-KFR ("Case 137"), sought to remove a case originally filed in state court to federal court.[3] Plaintiff filed Case 137 in the Superior Court for the State of Alaska, Third Judicial District at Anchorage on August 30, 2024.[4] Based on the certification by the U.S. Attorney in Case 137 that

---

[1] Docket 1.

[2] Docket 1 at 3.

[3] *Thomas v. United States of America,* Case No. 3:25-cv-00137-KFR ("Case 137").

[4] Case 137, Docket 1.

Defendants were acting within the scope of their federal employment during the events giving rise to Plaintiff's medical malpractice and wrongful death claims arose, the United State was substituted in place of Indian Health Services and Alaska Native Medical Center in Case 137.[5]

Upon review, the cases involve the same parties and substantially identical legal and factual issues.[6] "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.' "[7] "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."[8] IIF this case were to proceed, the federally funded healthcare facilities names as Defendants in this action would ultimately be substituted by the United States.[9] Therefore, this later-filed case must be dismissed.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED** as duplicative of Case No. 3:25-cv-00137-KFR.

---

[5] Case 137, Docket 3.

[6] In this case, the federally funded healthcare facilities would also be substituted by the United States. *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action.").

[7] *Adams v. Cal. Dep't of Health Servs.,* 487 F.3d 684 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880, 904 (2008).

[8] *Id.*

[9] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action.").

2. All pending motions are **DENIED as moot**.

3. The Clerk shall issue a final judgment and close this case.

DATED this 16th day of September, 2025, at Anchorage, Alaska.

>*/s/ Sharon L. Gleason*
>SHARON L. GLEASON
>UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00098-SLG, *Thomas v. Indian Health Service, et al.*
Order of Dismissal
Page 3 of 3
Case 3:25-cv-00098-SLG    Document 6    Filed 09/16/25    Page 3 of 3